UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LATOYA WILLIAMS,

                Plaintiff,

-against-

GLENGARIFF REHABILITATION
HEALTHCARE CENTER; SUPERVISOR OF
NURSING, MS. MARLENE; DIRECTOR OF
NURSING, MS. AGUSTO,

                Defendants.

1:23-CV-9143 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Latoya Williams, of Brooklyn, Kings County, New York, filed this *pro se* action asserting claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law, as well as claims under other unspecified federal, state, and municipal laws. She sues: (1) her former employer, Glengariff Rehabilitation Healthcare Center ("Glengariff"), of Glen Cove, Nassau County, New York; (2) Glengariff's supervisor of nursing, "Ms. Marlene"; and (3) Glengariff's director of nursing, "Ms. Agusto." In addition to the claims mentioned above, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1981, as well as additional claims under state law. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.[1]

---

[1] Plaintiff's complaint has attached to it a statement from another person whose name is revealed, but who wishes to remain anonymous "to protect [his] licenses and [his] employment at Glengariff." (ECF 1, at 16.) Plaintiff's *in forma pauperis* ("IFP") application contains the full name of at least one minor child and the dates of birth of persons other than Plaintiff. In light of the abovementioned request to remain anonymous, and because references to a minor child's name and to a person's date of birth in a court submission must be made by referring only to the child's name's initials, and to the person's birth year, respectively, *see* Fed. R. Civ. P. 5.2(a)(2), (3), the Court has directed the Clerk of Court to restrict electronic access to the complaint and to

## DISCUSSION

Under the venue provision for claims brought under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). With respect to claims brought under 42 U.S.C. § 1981 and state law, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Because Plaintiff alleges that her former employer is located in Nassau County, and that the events that are the bases for her claims, including an alleged assault, occurred there also, this court, and every other federal district court within the State of New York, are proper venues for her claims under Title VII. *See* § 2000e-5(f)(3).

---

the IFP application to a "case participant-only" basis. These restrictions apply only in this court; any further steps to restrict or increase access to those submissions are to be determined by the transferee court.

As to Plaintiff's claims under Section 1981 and state law, because Plaintiff does not specify where all of the defendants reside, it is unclear whether this court is a proper venue for those claims under Section 1391(b)(1). Even if the Court were to assume that all of the defendants reside within the State of New York and that at least one of them resides within this judicial district, making venue for those claims proper in this court under Section 1391(b)(1), Plaintiff alleges that the events giving rise to her claims occurred in Nassau County, within the Eastern District of New York. *See* 28 U.S.C. § 112(c).[2] Accordingly, the United States District Court for the Eastern District of New York is clearly also a proper venue for those claims under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y.

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c).

2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying events allegedly occurred, and the defendants are allegedly located, in Nassau County, in the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 25, 2023
         New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge